UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLGA DROZDOVA,<br><br>    Plaintiff,<br><br>v.<br><br>80SDESIGN, et al.,<br><br>    Defendants. | Case No. 2:25-cv-656<br><br>**Hon. Christy Criswell Wiegand** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Olga Drozdova ("Plaintiff") filed a Motion for Temporary Restraining Order and hearing for preliminary injunction against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A to the Complaint (the "Seller IDs"). After reviewing the Motion and the accompanying record, and for the reasons set forth below and in the Opinion and Order at ECF No. 32, this Court GRANTS Plaintiff a Preliminary Injunction **only against Defendant 80SDESIGN**, as follows.

This Court finds Plaintiff has provided notice to 80SDESIGN in accordance with the Temporary Restraining Order entered May 15, 2025, ECF No. 17 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over 80SDESIGN because 80SDESIGN directly targets its business activities toward consumers in the United States, including Pennsylvania. Specifically, Plaintiff has provided a basis

1

to conclude that 80SDESIGN has targeted sales to Pennsylvania residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Pennsylvania, and has sold products using infringing versions of Plaintiff's federally registered copyrighted work (the "Copyrighted Work") to residents of Pennsylvania. In this case, Plaintiff has presented screenshot evidence that 80SDESIGN's e-commerce store is reaching out to do business with Pennsylvania residents by operating one or more commercial, interactive internet stores through which Pennsylvania residents can and do purchase products using reproductions, infringing copies, or colorable imitations of the Copyrighted Work. *See* ECF No. 2 at Ex. 2-1, which includes screenshot evidence confirming that 80SDESIGN does stand ready, willing and able to ship its infringing goods to customers in Pennsylvania bearing infringing versions of the Copyrighted Work. Plaintiff's Copyrighted Work is shown below:

| Registration Number and Title | Copyrighted Image |
|---|---|
| VA 2-438-250<br><br>Seamless spring white floral pattern with colorful butterflies and flowers(vector) |  |

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation **as against 80SDESIGN only**, and

that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits as against 80SDESIGN; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) Plaintiff owns a valid copyright in the Copyrighted Work that is registered with the U.S. Copyright Office, (2) 80SDESIGN is not licensed or authorized to use the Copyrighted Work, and (3) 80SDESIGN has copied constituent elements of the Copyrighted Work that are original which is causing confusion as to the origin or sponsorship of 80SDESIGN's products with Plaintiff's Products. Furthermore, 80SDESIGN's continued and unauthorized use of the Copyrighted Work irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by 80SDESIGN's actions.

**IT IS HEREBY ORDERED** that:

1. 80SDESIGN, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Copyrighted Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the Copyrighted Work;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Copyrighted Work;

    c.  committing any acts calculated to cause consumers to believe that 80SDESIGN's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the Copyrighted Work, or any reproductions, infringing copies, or colorable imitations.

2. IT IS FURTHER ORDERED that 80SDESIGN shall not transfer or dispose of any money or other of 80SDESIGN's assets in any of 80SDESIGN's financial accounts.

3. Upon Plaintiff's request, 80SDESIGN and any third party with actual notice of this Order who is providing services for 80SDESIGN, or in connection with 80SDESIGN's Seller ID, including, without limitation, any online marketplace platforms such as Amazon, Temu, and Walmart (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a.  the identities and locations of 80SDESIGN, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with

      them, including all known contact information and all associated e-mail addresses;

b. the nature of 80SDESIGN's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with 80SDESIGN's Seller ID and financial accounts, including 80SDESIGN's sales and listing history related to its Seller ID; and

c. any financial accounts owned or controlled by 80SDESIGN, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Amazon Pay, Temu, Walmart, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with 80SDESIGN in connection with the sale of infringing goods using the Copyrighted Work.

5. IT IS FURTHER ORDERED that any Third Party Providers, including PayPal, Amazon Pay, Temu, and Walmart shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to 80SDESIGN, and any e-mail addresses provided for 80SDESIGN by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of 80SDESIGN's assets until further order by this Court.

6.     IT IS FURTHER ORDERED that all Third Party Providers, are restrained from causing or assisting in the secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying 80SDESIGN's assets from or to any financial accounts associated with or utilized by 80SDESIGN (whether said account is located in the United States or abroad); and

7.     IT IS FURTHER ORDERED that all Third Party Providers are restrained from providing services to 80SDESIGN, including, but not limited to, continued operation of 80SDESIGN's user account or Seller ID, until further ordered by this Court.

8.     IT IS FURTHER ORDERED that Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, in accordance with the terms of the Alternative Service Order entered at ECF No. 16. The Clerk of Court shall issue a single original summons in the name of "80SDESIGN and all other Defendants listed in the Operative Complaint", which shall apply to all Defendants. Providing notice according to the terms of the Alternative Service Order entered at ECF No. 16 shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9.     IT IS FURTHER ORDERED that sufficient cause has been shown that the injunctive relief previously granted on May 15, 2025 (ECF No. 17) and extended on May 21, 2025 (ECF No. 26) shall remain in place through the pendency of this litigation **as against Defendant 80SDESIGN only**, and issuing this Preliminary Injunction Order is warranted under Fed. R. Civ. P. 64 and 65 since 80SDESIGN has not presented opposing papers in accordance with this Court's Order (Dkt. 26) by the required deadline of June 5, 2025.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Western District of Pennsylvania Local Rules. Any third party impacted by this Order may move for appropriate relief.

11. IT IS FURTHER ORDERED that the $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

DATED this 16th day of June, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
―――――――――――――――――
The Honorable Christy Criswell Wiegand
United States District Judge

cc (via ECF email notification):

All Counsel of Record